IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

    Petitioner,

v.                                                                                CASE NO. 22-3312-JWL-JPO

DAN SCHNURR, Warden,
Hutchinson Correctional Facility,

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in state custody at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court provisionally grants Petitioner leave to proceed in forma pauperis. The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directs Petitioner to show good cause why this matter should not be dismissed for the reasons set forth below.

**Background**

In 1989, a Kansas state jury convicted Petitioner of first-degree felony murder, aggravated robbery, and aggravated arson. *State v. Davis* (*Davis I*), 802 P.2d 541, 543 (Kan. 1990). Petitioner was sentenced to life in prison. In 2016, Petitioner punched a correctional officer in the eye. *State v. Davis* (*Davis II*), 449 P.3d 1232, at *1 (Kan. Ct. App. 2019) (unpublished table decision) (per curiam). State prosecutors charged Petitioner with battery of a law-enforcement officer under Kansas law. In 2017, the jury convicted Petitioner, and the judge sentenced him to sixty-five months' imprisonment for the battery charge. The Kansas Court of Appeals affirmed his conviction, and the Kansas Supreme Court denied Petitioner's petition for review.

Petitioner alleges in his instant § 2241 Petition that he is serving a sentence imposed in

1989 by the District Court of Sedgwick County, Kansas. (Doc. 1, at 1.) Petitioner asserts that he is challenging "a constitutional right, liberty, I may be innocent." *Id*. at 2. As Ground One, Petitioner seems to be attacking his sentence, claiming that the length of his sentence had more to do with a "floor elevator" stopped for sentencing, rather than the sentencing court's "intent of the sentence it ordered." *Id*. at 7. As Ground Two, Petitioner alleges cruel and unusual punishment in violation of the Eighth Amendment, arguing that Kansas prison conditions are so deficient that the prison population exceeds operating capacity. *Id*. As Ground Three, Petitioner argues that he is actually innocent.[1] *Id*. Ground Four is hard to decipher, but Petitioner asserts that the Attorney General "is able to determine whether to seek intervention in this matter . . . on the ground of lack of jurisdiction over the subject matter." *Id*. at 8. Petitioner argues that the new sentencing guidelines' "indefinite sentences deny equal rights located at H.C.F." and suggests he has not received the benefit of a retroactive application of the new guidelines. *Id*.

Petitioner's request for relief asks the Court to order his immediate release. *Id*.

**Analysis**

The Petition is hard to decipher, but Petitioner appears to include challenges to his conditions of confinement and challenges to his underlying sentence. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). The Court notes that Petitioner is a three-strikes litigant under 28

---

[1] In a previous habeas action filed by Petitioner, the Court noted that:
"The Supreme Court has repeatedly sanctioned" actual innocence claims as creating an exception to the federal habeas statute of limitations, but it "has never recognized freestanding actual innocence claims as a basis for federal habeas relief. To the contrary, the Court has repeatedly rejected such claims, noting instead that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings.'" *Farrar v. Raemisch*, 924 F.3d 1126, 1131 (10th Cir. 2019) (quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993)).

*Davis v. Schnurr*, Case No. 20-3269-SAC, Doc. 54, n.3 (D. Kan. June 24, 2022).

U.S.C. § 1915(g).  A petitioner "may not avoid the statutory restrictions on three-strikes litigants by characterizing his conditions-of-confinement claims as claims in a § 2241 petition."  *Lynn v. Roberts*, 2008 WL 5411067, at *5 (D. Kan. 2008).  Petitioner has been advised by this Court in the past that conditions-of-confinement claims cannot be brought in a habeas petition.  *See Davis v. Zmuda*, Case No. 21-3208-SAC, Docs. 3, 6 (D. Kan.); *Davis v. Schnurr*, Case No. 20-3269, Doc. 10 (D. Kan.).

A petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is used to challenge the validity of a state court conviction, while a petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 is used to challenge the execution of a sentence.  *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 811 (10th Cir.1997).  "[B]ecause AEDPA places some strict limitations on habeas petitions, a district court must follow certain procedures, including notification, before re-characterizing pro se pleadings as claims under § 2254."  *Lynn*, 2008 WL 5411067, at *3 (citing *Davis v. Roberts,* 425 F.3d 830, 835 (10th Cir.2005) (because the Antiterrorism and Effective Death Penalty Act "places strict limitations on second and successive claims . . . a district court must follow certain procedures before recharacterizing pro se pleadings as claims under § 2254").  "Of particular relevance here, 28 U.S.C. § 2244(b) limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254 and further provides that: [b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *Lynn*, 2008 WL 5411067, at *3 (citing 28 U.S.C. § 2244(b)(3)(A); *Davis,* 425 F.3d at 835; *Yellowbear,* 525 F.3d at 924.).

Petitioner has previously filed petitions under § 2254 in this Court.  *See Davis v. Zmuda*, Case No. 21-3208-SAC (D. Kan.); *Davis v. Schnurr*, Case No. 20-3269 (D. Kan.).  Therefore, any

3

successive petition under that section would require prior authorization from the court of appeals. *See Davis v. Schnurr*, Case No. 20-3269, at Doc. 46, n.1 ("The Court . . . dismissed Ground Four for lack of jurisdiction because it attempted to challenge Petitioner's 1989 convictions, regarding which he has already attempted multiple times to obtain federal habeas relief."), Doc. 66 (Tenth Circuit Court of Appeal's Order Denying Certificate of Appealability finding that Petitioner failed to show entitlement to COA regarding dismissal of his § 2254 petition regarding his 2017 conviction).

Petitioner must show good cause why his claims should not be summarily dismissed for the reasons discussed above.

**Motions**

Petitioner has filed a Motion for Appointment of Counsel (Doc. 3); a "Motion Consolidation of Actions, Objecting to a Ruling or Order For a Stay of Proceedings Pending the Disposition of Motions" (Doc. 5); and a Motion for Reassignment and Change of Venue (Doc. 6).

1. Motion for Appointment of Counsel

Petitioner seeks the appointment of counsel, arguing that he is indigent, his imprisonment limits his ability to litigate, the issues are complex, and he has limited access to a law library. (Doc. 3, at 1.)  The Court denies Petitioner's request for appointment of counsel.  Petitioner has no constitutional right to counsel in a federal habeas corpus action.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Rather, the decision whether to appoint counsel rests in the discretion of the court.  *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994).  A court may appoint counsel for a § 2241 petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).  Where an evidentiary hearing is not warranted, appointment of counsel is not required.  *See Engberg v. Wyo.*, 265 F.3d 1109, 1122

4

n.10 (10th Cir. 2001) (affirming denial of appointed counsel for habeas petitioner where no evidentiary hearing was necessary); *see also* Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. 2254 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

Because the Court finds that this matter is subject to dismissal, appointment of counsel is not warranted. *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) ("In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.").

2. Motion for Consolidation

This motion is largely incomprehensible. It appears as though Petitioner is taking issue with the Tenth Circuit's appellate filing fees and previous decisions finding him subject to 28 U.S.C. § 1915(g). Nothing in the motion warrants relief in this case. The motion is denied.

3. Motion for Reassignment and Change of Venue

Petitioner asks the Court to "enter an order directing that, as a result of partiality, disqualifications, by judges, this matter needs a change of venue to be reassigned to the District in which a substantial part of the events or omission occurred, to another District Judge." (Doc. 6, at 1.) Petitioner attaches Notices of Electronic Filings from his prior cases, an order entered by the Tenth Circuit Court of Appeals, Kansas Department of Corrections Account Withdrawal Requests, and copies of orders entered in his prior cases.

It appears that Petitioner is unhappy with prior adverse orders assessing him strikes or acknowledging that he is subject to the three strikes provision in 28 U.S.C. § 1915(g). Petitioner has not filed a proper motion for recusal and adverse rulings are not a basis for recusal or a change

in venue. The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

The Court finds that no reasonable person would believe that the undersigned's previous rulings implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper. Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality. Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Petitioner's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's motions (Docs. 3, 5, 6) are **denied.**

**IT IS FURTHER ORDERED** that Petitioner is granted until **February 3, 2023,** in which to show good cause why this matter should not be dismissed. The failure to respond by the deadline may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED**.

**Dated January 12, 2023, in Kansas City, Kansas.**

**S/     John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
