IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

    Petitioner,

v.                                                                    CASE NO. 22-3312-JWL

DAN SCHNURR, Warden,
Hutchinson Correctional Facility,

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in state custody at the Hutchinson Correctional Facility in Hutchinson, Kansas. The Court provisionally granted Petitioner leave to proceed in forma pauperis. The Court screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directed Petitioner to show good cause why this matter should not be dismissed for the reasons set forth in the Court's January 12, 2023 Memorandum and Order (Doc. 7) ("M&O"). The matter is before the Court on Petitioner's responses (Docs. 8, 9, 11).

The Court found in the M&O that although the Petition is hard to decipher, Petitioner appears to include challenges to his conditions of confinement and challenges to his underlying sentence. The Court found that Petitioner has been advised by this Court in the past that conditions-of-confinement claims cannot be brought in a habeas petition. *See Davis v. Zmuda*, Case No. 21-3208-SAC, Docs. 3, 6 (D. Kan.); *Davis v. Schnurr*, Case No. 20-3269, Doc. 10 (D. Kan.).

The Court also found that Petitioner has previously filed petitions under § 2254 in this Court. *See Davis v. Zmuda*, Case No. 21-3208-SAC (D. Kan.); *Davis v. Schnurr*, Case No. 20-3269 (D. Kan.). Therefore, any successive petition under that section would require prior

1

authorization from the court of appeals. *See Davis v. Schnurr*, Case No. 20-3269, at Doc. 46, n.1 ("The Court . . . dismissed Ground Four for lack of jurisdiction because it attempted to challenge Petitioner's 1989 convictions, regarding which he has already attempted multiple times to obtain federal habeas relief."), Doc. 66 (Tenth Circuit Court of Appeal's Order Denying Certificate of Appealability finding that Petitioner failed to show entitlement to COA regarding dismissal of his § 2254 petition regarding his 2017 conviction).

Petitioner's response (Doc. 8) is largely incomprehensible. He states that he is moving the Court "by objection for and order to the Respondent that accord and satisfaction too [sic] file a more definite statement. Rule 12[e] . . . or, show cause 28 U.S.C. § 2243, cause of action." (Doc. 8, at 1.) Petitioner then argues that this Court "lack[s] jurisdiction of the subject matter, laches, collateral estoppel, negligence, estopple [sic] by." *Id*. The response fails to address the deficiencies in the M&O and fails to show good cause why this matter should not be dismissed.

Petitioner also filed a notice (Doc. 9) referencing a due process violation and an "illegal threat to suspend habeas corpus." Petitioner suggests that he is challenging the constitutionality of § 2241 and seeks to join the Attorney General to this action. *Id*. at 1. The notice does not address the deficiencies set forth in the M&O and does not show good cause why this matter should not be dismissed.

Petitioner filed a "Motion for Leave of Court to File Supplemental Habeas Corpus Pleading" (Doc. 10), seeking to add the Attorney General to this action. The motion is incomprehensible and frivolous. The motion is denied.

Petitioner has filed an additional response (Doc. 11) arguing that the rules regarding successive § 2254 petitions should not apply due to the "actual innocence exception." The Court noted in the M&O that in a previous habeas action filed by Petitioner, the Court stated that:

> "The Supreme Court has repeatedly sanctioned" actual innocence claims as creating an exception to the federal habeas statute of limitations, but it "has never recognized freestanding actual innocence claims as a basis for federal habeas relief. To the contrary, the Court has repeatedly rejected such claims, noting instead that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings.'" *Farrar v. Raemisch*, 924 F.3d 1126, 1131 (10th Cir. 2019) (quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993)).

*Davis v. Schnurr*, Case No. 20-3269-SAC, Doc. 54, n.3 (D. Kan. June 24, 2022).

Petitioner argues that Respondent should have the initial burden of proof to show that his petition is successive, and that the AEDPA is unconstitutional. (Doc. 11, at 2.) Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254. The Court screened the Petition and directed Petitioner to show good cause why this matter should not be dismissed for the reasons set forth in the Court's M&O. Petitioner has failed to show good cause why his Petition should not be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's "Motion for Leave of Court to File Supplemental Habeas Corpus Pleading" (Doc. 10) is **denied.**

**IT IS FURTHER ORDERED** that this matter is **dismissed**.

**IT IS SO ORDERED**.

**Dated February 6, 2023, in Kansas City, Kansas.**

> S/   John W. Lungstrum
> JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE