**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ANTHONY LEROY DAVIS,

    **Petitioner,**

    v.                                                                   **CASE NO. 22-3312-JWL**

DAN SCHNURR, Warden,
Hutchinson Correctional Facility,

    **Respondent.**

**MEMORANDUM AND ORDER**

    This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in state custody at the Hutchinson Correctional Facility in Hutchinson, Kansas. The Court provisionally granted Petitioner leave to proceed in forma pauperis. The Court screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directed Petitioner to show good cause why this matter should not be dismissed for the reasons set forth in the Court's January 12, 2023 Memorandum and Order (Doc. 7) ("M&O"). On February 6, 2023, the Court entered a Memorandum and Order (Doc. 12) denying Petitioner's Motion for Leave of Court to File Supplemental Habeas Corpus Pleading; finding that Petitioner's responses failed to show good cause why his Petition should not be dismissed; and dismissing this action. This matter is before the Court on Petitioner's Motion for Leave to File Amended Petition (Doc. 14).

    Petitioner acknowledges that this case has been dismissed, but argues that he seeks to file the attached amended petition (although no petition is attached) due to an error in the original petition. *Id*. at 1. Petitioner claims that he needs to "[c]hange the party naming the party." *Id*. Petitioner then argues that the AEDPA's prohibition of second or successive petitions "should not be read hypertechnically to penalize pro se [State] Prisoners who's peonly [sic] file a pro se second

1

or subsequent petition to litigate claim that were not [so judged] properly, to the subject of adjudication in previous petition." *Id*.

The Court found in the M&O that although the Petition is hard to decipher, Petitioner appears to include challenges to his conditions of confinement and challenges to his underlying sentence. The Court found that Petitioner has been advised by this Court in the past that conditions-of-confinement claims cannot be brought in a habeas petition. *See Davis v. Zmuda*, Case No. 21-3208-SAC, Docs. 3, 6 (D. Kan.); *Davis v. Schnurr*, Case No. 20-3269, Doc. 10 (D. Kan.).

The Court also found that Petitioner has previously filed petitions under § 2254 in this Court. *See Davis v. Zmuda*, Case No. 21-3208-SAC (D. Kan.); *Davis v. Schnurr*, Case No. 20-3269 (D. Kan.). Therefore, any successive petition under that section would require prior authorization from the court of appeals. *See Davis v. Schnurr*, Case No. 20-3269, at Doc. 46, n.1 ("The Court . . . dismissed Ground Four for lack of jurisdiction because it attempted to challenge Petitioner's 1989 convictions, regarding which he has already attempted multiple times to obtain federal habeas relief."), Doc. 66 (Tenth Circuit Court of Appeal's Order Denying Certificate of Appealability finding that Petitioner failed to show entitlement to COA regarding dismissal of his § 2254 petition regarding his 2017 conviction).

Petitioner has not filed a motion to reopen this closed case. Nothing in his current motion warrants reopening this case. To the extent Petitioner seeks to alter or amend this Court's February 6, 2023 Memorandum and Order dismissing this matter, he is not entitled to such relief.

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204

2

F.3d 1005, 1012 (10th Cir. 2000)).  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments."  *Id*. at 929 (citation omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Petitioner does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). Petitioner has failed to meet the standard required for this Court to alter or amend its February 6, 2023 Memorandum and Order and Judgment (Docs. 12, 13), and that ruling stands.  This case remains closed.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion for Leave to File Amended Petition (Doc. 14) is **denied.**   This case remains closed.

**IT IS SO ORDERED**.

Dated February 14, 2023, in Kansas City, Kansas.

S/   John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**